TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (480) 247-9644
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Joseph Benenati

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| Joseph Benenati, | Case No.: 2:14-cv-7240 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET. SEQ*;** |
| Westlake Financial; and DOES 1-10, inclusive, | |
| Defendants. | **JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, Plaintiff, Joseph Benenati, by undersigned counsel, states as follows:

**JURISDICTION**

1.     This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

**PARTIES**

4.     Plaintiff, Joseph Benenati (hereafter "Plaintiff"), is an adult individual residing at Reno, Nevada, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5.     Defendant, Westlake Financial ("Westlake"), is a California business entity with an address of 4751 Wilshire Boulevard, #100, Los Angeles, California 90010, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

6.     Does 1-10 (the "Agents") are individual agents employed by Westlake and whose identities are currently unknown to Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7.     Westlake at all times acted by and through one or more of the Agents.

**FACTS**

8.     Within the last four years, Westlake contacted Plaintiff in an attempt to collect a consumer debt allegedly owed by Plaintiff (the "Debt").

9.     Westlake called Plaintiff on his cellular telephone [775-XXX-0903] using an automated telephone dialing system ("ATDS") and/or by using a prerecorded or artificial message ("Robocalls").

10.     When Plaintiff answered calls from Westlake, he heard a prerecorded message instructing him to return Westlake's call, and then the call was automatically disconnected.

11.     On other occasions, when Plaintiff answered calls from Westlake, he heard a prerecorded message, after which he was connected to a live Westlake representative.

12.     Plaintiff spoke with Westlake multiple times and instructed Westlake to stop all calls to his cellular telephone.

13.     Despite Plaintiff's unequivocal requests for the calls to cease, Westlake continued placing ATDS and/or Robocalls to Plaintiff's cellular telephone at an excessive and harassing rate.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, *et seq.***

14.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15.     Without prior express consent, Westlake contacted Plaintiff by means of automated telephone calls and/or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

16.     If at one time Westlake had obtained prior express consent to contact Plaintiff with ATDS and/or Robocalls, it no longer had such consent after Plaintiff instructed Westlake to cease all calls.

17.     Westlake continued to place ATDS and/or Robocalls to Plaintiff's cellular telephone after being advised to stop all calls.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18.     The telephone number called by Westlake was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19.     The calls from Westlake to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20.    As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 pursuant to 47 U.S.C. § 227(b)(3)(B).

21.    As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A.    Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B.    Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C.    Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

DATED:  September 16, 2014          TRINETTE G. KENT

By:    /s/   Trinette G. Kent
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Joseph Benenati